

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ERIC PROSHANSKY**
Phone: 212.788.1324
Fax:212.788.1633
eproshan@law.nyc.gov

October 23, 2008

**<u>COURTESY COPY – ORIGINAL FILED BY ECF</u>**
Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1818


*Re:*    *The City of New York v. Golden Feather Cigarette Express, Inc.*, et al., 08 Civ. 3966 (CBA)

Dear Judge Amon:

I represent plaintiff the City of New York (the "City") in this action. The City responds to the request for a pre-motion conference by defendants Golden Feather Smoke Shop, Inc., Kimo Smoke Shop, Inc., Smoke and Rolls Inc., Shawn Morrison, Kiana Morrison, in her individual capacity, Monique's Smoke Shop, Ernestine Watkins, in her individual capacity, Wayne Harris, Red Dot & Feathers Smoke Shop, Inc., Raymond Hart, in his individual capacity, Smoking Arrow Smoke Shop, Denise Paschall, in her individual capacity, TDM Discount Cigarettes, and Thomasina Mack, in her individual capacity ("Moving Defendants").

Two matters require clarification at the outset. First, the request for a pre-motion conference is not made on behalf of all defendants. Defendants Peace Pipe Smoke Shop, Rodney Morrison, Sr., Charlotte Morrison, in her individual capacity, Jessey Watkins and Tony D. Phillips, none of whom have appeared, have not joined in the request (Peace Pipe and Jessey Watkins were served on October 1, 2008 and are presently in default).

Second, except for Golden Feather Smoke Shop, Inc., Kimo Smoke Shop, Inc., Shawn Morrison, and Kiana Morrison, none of the Moving Defendants have filed an answer or moved for an extension of time to answer or otherwise move. These defendants were served on October 1, 2008, and are all presently in default. It would seem that this detail should be resolved before the Moving Defendants' request (with the noted exceptions) can even be entertained by the Court.

Hon. Carol B. Amon, U.S.D.J.
October 22, 2008
Page 2 of 3

As to the substance of defendants' proposed motion, defendants assert that i) "individually and collectively" they have sovereign immunity, ii) that the City has no standing to sue; iii) that the defendants do not violate the CCTA; iv) that the City cannot sue "on behalf" of the State; and v) that the City "wrongly relies" on *City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 348 (E.D.N.Y. 2008). The City addresses only the first argument in any detail; the remaining arguments are either inapposite (*i.e.*, the City is not suing on behalf of the State) or were resolved in *Milhelm Attea* in a manner that had nothing to do with the status of the particular defendants sued.

**Sovereign Immunity** -- Some Moving Defendants' argument for sovereign immunity fails simply because many defendants are not Native Americans, either "individually or collectively." Golden Feather Smoke Shop, Inc., Kimo Smoke Shop, Inc., Smoke and Rolls Inc., Red Dot & Feathers Smoke Shop, Inc., are New York corporations, formed under the laws of the State of New York. Shawn Morrison is, on information and belief, not a Native American. As explained below, even those individuals that are Native Americans have no sovereign immunity, so that entities that are not Native American surely do not. Even if the Native American Moving Defendants were immune, sovereign immunity is not "something in the air," immunizing non-Native American persons by association. To the contrary: "[T]ribal immunity does not extend to barring suit against a third, non-immune party solely because the effect of a judgment against the third party will be felt by the tribe." *Wichita & Affiliated Tribes v. Hodel*, 252 U.S. App. D.C. 140 (D.C. Cir. 1986); *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 1997 U.S. Dist. LEXIS 21776 (W.D. Mo. 1997).

In any event, the individual Native Americans sued herein and their businesses are not entitled to sovereign immunity under well-settled principles. "The general rule is that tribal sovereign immunity does not protect individual members of an Indian tribe." *Narragansett Indian Tribe v. State of Rhode Island*, 449 F.3d 16, 42 (1st Cir. 2006) (citing *Puyallup Tribe, Inc. v. Dep't of Game*, 433 U.S. 165, 171-72, (1977) ("[W]hether or not the Tribe itself may be sued in a state court without its consent or that of Congress, a suit to enjoin violations of state law by individual tribal members is permissible.")); *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002); *Romanella v. Hayward*, 933 F. Supp. 163, 167-68 (D. Conn. 1996). Even at its most expansive, tribal sovereign immunity may extend to tribal *officers*, but only when those officers are acting within the legitimate scope of their official capacity. (Defendants have not claimed status as tribal officers, nor, on information and belief do any of them possess that status.) *See Tamiami Partners v. Miccosukee Tribe of Indians*, 177 F.3d 1212, 1225 & n.16 (11th Cir. 1999); *but cf. Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978) (holding that "[a]s an officer of the [Indian tribe], petitioner . . . is not protected by the tribe's immunity from suit"). Where the subject of the lawsuit is not related to the performance of their official duties, tribal officials are amenable to suit. *See Puyallup Tribe, Inc. v. Dep't of Game of Wash.*, 433 U.S. 165, 173 (1977) (where the individual defendants had been acting as fishermen rather than as tribal government officers, tribe's sovereign immunity did not affect state court's authority to adjudicate their rights.); *Frazier v. Turning Stone Casino*, 254 F. Supp. 2d 295, 307 (N.D.N.Y 2003); *Bassett v. Mashantucket Pequot Museum & Research Ctr.*, 221 F. Supp. 2d 271, 280 (D. Conn. 2002) (claim for damages against a tribal official lies outside the scope of tribal immunity where a tribal official acted beyond the scope of his authority to act on behalf of

2

Hon. Carol B. Amon, U.S.D.J.
October 22, 2008
Page 3 of 3

the Tribe).  The City has alleged violations of federal and state laws relating to cigarette sales, so that the subject of the suit cannot conceivably involve the performance of official duties.

Moreover, even "with respect to tribal officials, the Supreme Court has ... held that a suit *for equitable relief* against tribal officials for violation of state law may be brought ..." *New York v. Shinnecock Indian Nation*, 523 F. Supp. 2d 185, 299 (E.D.N.Y. 2007) (citing *Puyallup Tribe, Inc.*, 433 U.S. at 171-72.  The City seeks injunctive relief, which a plaintiff may obtain by suing an tribal officer in his official capacity. *Garcia v. Akwesasne Hous. Auth.*, 268 F.3d 76, 88 (2d Cir. 2001); *Shinnecock Indian Nation*, 523 F. Supp. 2d at 299 (permitting suit for injunctive relief to proceed against tribal officials in federal court).  Tribal immunity also poses no obstacle to personal capacity claims for money damages against tribal officials. *Garcia*, 268 F.3d at 88; *accord Bassett*, 221 F. Supp. 2d 271, 280.

**Remaining Arguments** – Defendants' assertion that the City has no standing is especially ridiculous where defendants' counsel represents a party in the *Milhelm Attea* case and is presumably familiar with the decision there that rejects exactly the same argument on standing raised here. *Milhelm Attea*, 550 F. Supp. at 340.  Defendants' argument entitled "Taxation" appears to mimic the argument made in *Milhelm Attea* that Tax L. § 471 is not an "applicable" tax for purposes of the CCTA.  This Court has already rejected that argument also. *Id.* at 345.[1] Defendants finally assert, at least in a heading, that the City cannot sue "on behalf of" the State, although the argument actually seems to be that the City cannot sue the State.  Because the City is neither suing the State, nor suing on behalf of the State, there is no need to parse the argument any further.  The City has independent enforcement authority under the CCTA, *see* 18 U.S.C. §2346, and exercises that authority by this action.

If the Court is inclined to permit defendants to advance any of these arguments, the City respectfully requests that they be limited to those arguments not already advanced and rejected in *Milhelm Attea*, unless defendants offer grounds to distinguish the holdings in that case.

Thank you for your consideration of this matter.

Respectfully submitted,

Eric Proshansky

cc: All Counsel of Record

---

[1] Defendants make a conclusory assertion that the City cannot rely on *Milhelm Attea* because of the "an important distinction" that the case involved cigarette wholesalers. Defendants never explain why the distinction makes any difference, or to which of the various holdings in *Milhelm Attea* the purported distinction applies.  Their argument is hence meaningless.

3