UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE CITY OF NEW YORK,

              Plaintiff,

-against-

GOLDEN FEATHER SMOKE SHOP, INC., KIMO
SMOKE SHOP, INC., SMOKE AND ROLLS INC.,
SHAWN MORRISON, KIANA MORRISON, in her
individual capacity, MONIQUE'S SMOKE SHOP,
ERNESTINE WATKINS, in her individual capacity,
JESSEY WATKINS, WAYNE HARRIS, PEACE PIPE
SMOKE SHOP, RODNEY MORRISON, Sr.,
CHARLOTTE MORRISON, in her individual capacity,
RED DOT & FEATHERS SMOKE SHOP, INC.,
RAYMOND HART, in his individual capacity,
SMOKING ARROW SMOKE SHOP, DENISE
PASCHALL, in her individual capacity, TONY D.
PHILLIPS, TDM DISCOUNT CIGARETTES, and
THOMASINA MACK, in her individual capacity,

              Defendants.
------------------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
08-CV-3966 (CBA)

AMON, United States District Judge.

      The Court has received certain defendants' ("Defendants")[1] application to make a motion for reconsideration. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). The Court is concerned based upon Defendants' submission that a motion for reconsideration under this standard is inappropriate in this case. Indeed, rather than indicating that the Court has overlooked data or arguments, Defendants apparently believe that this is an

---

[1] Defendants Monique's Smoke Shop, Ernestine Watkins, Wayne Harris, Red Dot & Feathers Smoke Shop, Inc., Raymond Hart, Smoking Arrow Smoke Shop, Denise Paschall, TDM Discount Cigarettes, and Thomasina Mack join in this request.

- 1 -

opportunity to present additional facts that they could have presented on previous occasions. A motion for reconsideration is not an appropriate procedural vehicle for supplementing a defective record. See Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (explaining that "a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced"); E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (stating that a party seeking reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion" (internal quotation marks omitted)); Lewis v. New York Tel., No. 83 Civ. 7129, 1986 WL 1441, at *1 (S.D.N.Y. Jan. 29, 1986) (stating that purpose behind rules limiting scope of reconsideration motions "is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters").

If Defendants can make a motion under the appropriate governing standards, mindful of their obligations under Rule 11 of the Federal Rules of Civil Procedure, they may do so according to the following schedule. Defendants shall file their motion with the Court by July 15, 2009. The City shall file its opposition papers by July 24, 2009. Defendants shall file their reply by July 28, 2009. No submissions shall exceed ten (10) pages in length. In the event that Defendants make a motion for reconsideration, oral argument previously scheduled for July 22, 2009 shall be adjourned to July 30, 2009 at 11:00 A.M. and shall address all pending motions.

SO ORDERED.

Dated: Brooklyn, New York
July 9, 2009

Carol Bagley Amon
United States District Judge