UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE CITY OF NEW YORK,

        Plaintiff,

-against-

GOLDEN FEATHER SMOKE SHOP, INC., KIMO
SMOKE SHOP, INC., SMOKE AND ROLLS INC.,
SHAWN MORRISON, KIANA MORRISON, in her
individual capacity, MONIQUE'S SMOKE SHOP,
ERNESTINE WATKINS, in her individual capacity,
JESSEY WATKINS, WAYNE HARRIS, PEACE PIPE
SMOKE SHOP, RODNEY MORRISON, Sr.,
CHARLOTTE MORRISON, in her individual capacity,
RED DOT & FEATHERS SMOKE SHOP, INC.,
RAYMOND HART, in his individual capacity,
SMOKING ARROW SMOKE SHOP, DENISE
PASCHALL, in her individual capacity, TONY D.
PHILLIPS, TDM DISCOUNT CIGARETTES, and
THOMASINA MACK, in her individual capacity,

        Defendants.
------------------------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
08-CV-3966 (CBA)

AMON, Chief United States District Judge:

       Pursuant to the Court's order at the last status conference, the City of New York has filed a letter detailing how it believes this case should proceed. The City requests a sixty day period of further discovery, after which it intends to move for summary judgment seeking injunctive and/or monetary relief. Also outstanding is the City's motion for contempt sanctions against defendants Jessey Watkins. The Court will address each of these issues below.

       **I.**      **Discovery and Summary Judgment**

       The defendants' primary argument in opposition to the City's proposal appears to be a challenge to the legal basis for the relief that the City has indicated it will ultimately seek in this case. The Court expects that the City's anticipated summary judgment motion, and the papers filed in opposition, will brief in detail the legal basis (or lack thereof) for the monetary or

injunctive relief that the City requests under the CCTA or other applicable law. This anticipated dispute does not, however, provide a reason to deny the City a reasonable time to conduct further discovery on issues relevant to the disposition of this case, including the issue of damages or other monetary relief. The Court has already denied motions to dismiss, and has imposed and upheld a preliminary injunction. These rulings have established that the City's claims for relief are plausible, and the Court does not believe it appropriate to further fragment the resolution of this case. Rather, a sixty day window for further discovery is not at all excessive, and the City should be permitted to file a motion that it believes to be dispositive of all the issues in this litigation. The defendants will have ample opportunity to contest any and all of the arguments that the City offers in that motion.

**Accordingly, the City's request for 60 days of further discovery on the issues of liability, damages and other relief is GRANTED. This period will begin to run from January 3, 2012. At the close of the 60 days, the City should file a proposed briefing schedule for its motion.**

## II. Contempt Sanctions Against Watkins

The Court found Watkins in contempt of the preliminary injunction on June 25, 2010, but the issue of sanctions or damages remains to be resolved. The City has indicated that it is content to rest on its original submission regarding the amount of sanctions to be imposed. On December 7, 2010, Watkins submitted a letter in opposition to contempt sanctions that was largely unresponsive to the facts and evidence asserted by the City regarding Watkins' post-injunction conduct and profits. That letter argued principally that the preliminary injunction was invalid under the New York Court of Appeals' decision in Cayuga Indian Nation v. Gould, 14

N.Y.3d 614 (2010).  The Court already rejected this argument in its August 16, 2011 order denying the motions to vacate in the injunction.  Watkins' letter did not clearly indicate any factual dispute with the City's contempt evidence, nor did it offer any legal arguments related to the propriety in this case of awarding compensatory contempt damages based on the defendant's profits.  The Court is well aware of the defendants' continued belief that the preliminary injunction should never have issued in the first place.  The defendants are not, however, aiding themselves or the Court by repeatedly deploying the same arguments related to the injunction, rather than offering productive responses to the <u>other</u> legal issues presented in this litigation.  Moreover, based on Watkins' letter opposing contempt sanctions, the Court is unable to discern if there are any disputed issues of fact, relating to the amount of sanctions, that would necessitate an evidentiary hearing on that issue.

**Accordingly, the Court will give Watkins until January 17, 2012 to advise the Court whether there is any need for a hearing regarding the factual basis of the City's damages analysis, or for further legal briefing on the issue of contempt sanctions.  If Watkins fails to respond to this order, the Court will resolve the sanctions issue on the basis of the City's papers.**

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2011

                                                        /s/
Carol Bagley Amon
Chief United States District Judge